[Cite as *State v. Koreisl*, **2011-Ohio-6438**.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 90950**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MARK KOREISL

DEFENDANT-APPELLANT

---

## JUDGMENT:
## APPLICATION DENIED

---

Cuyahoga County Common Pleas Court
Case No. CR-502332
Application for Re-opening
Motion Nos. 449097 and 450082

**RELEASE DATE:**   December 13, 2011
**FOR APPELLANT**

Mark Koreisl, pro se
Inmate No.: A542166
Trumbull County Correctional Inst.
5701 Burnett
Leavittsburg, OH 44430

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By:   Pinkey S. Carr
Asst. County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MARY EILEEN KILBANE, J.:

{¶ 1}  Mark Koreisl has filed an application for reopening pursuant to App.R. 26(B).  Koreisl is attempting to reopen the appellate judgment, as rendered in *State v. Koreisl*, Cuyahoga App. No. 90950, 2009-Ohio-1238, which affirmed his conviction and sentence for the offenses of rape, gross sexual imposition, and importuning. We decline to reopen Koreisl's appeal.

{¶ 2}  App.R. 26(B)(2)(b) requires that Koreisl establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment," which is subject to reopening.  The Supreme Court of Ohio, with regard to the 90-day deadline as provided by App.R. 26(B)(2)(b), has firmly established that:

{¶ 3}  "We now reject [applicant's] claim that those excuses gave him good cause to miss the 90-day deadline in App.R. 26(B).  The rule was amended to

include the 90-day deadline more than seven months before [applicant's] appeal of right was decided by the court of appeals in February 1994, so the rule was firmly established then, just as it is today. *Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.*

{¶ 4} *"Ohio and other states 'may erect reasonable procedural requirements for triggering the right to an adjudication,' Logan v. Zimmerman Brush Co. (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen.* [Applicant] could have retained new attorneys after the court of appeals issued its decision in 1994, or he could have filed the application on his own. What he could not do was ignore the rule's filing deadline. * * * *The 90-day requirement in the rule is 'applicable to all appellants,' State v. Winstead (1996),* 74 Ohio St.3d 277, 278, 658 N.E.2d 722*, and Gumm offers no sound reason why he – unlike so many other Ohio criminal defendants – could not comply with that fundamental aspect of the rule."* (Emphasis added.) *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, at ¶7.

{¶ 5} See, also, *State v. LaMar,* 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970*; State v. Cooey*, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; *State v. Reddick*, 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784.

{¶ 6} Herein, Koreisl is attempting to reopen the appellate judgment that was journalized on March 19, 2009. The application for reopening was not filed until November 3, 2011, more than 90 days after journalization of the appellate judgement in *State v. Koreisl*, supra. In an attempt to establish "good cause" for the untimely filing of his application for reopening, Koreisl argues that he relied upon appellate counsel and was unable to obtain his appellate file. Koreisl, however, has failed to raise or establish "good cause" for the untimely filing of his application for reopening.

{¶ 7} "Good cause" does not include reliance upon appellate counsel, difficulty in obtaining a transcript, and limited access to legal materials. *State v. Hudson*, Cuyahoga App. No. 91803, 2009-Ohio-6454, reopening disallowed, 2010-Ohio-2979, Motion No. 434149. In addition, lack of knowledge or ignorance of the time constraint, applicable to an application for reopening per App.R. 26(B), does not provide sufficient cause for untimely filing. *State v. Klein* (Mar. 28, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 249260, affirmed (1994), 69 Ohio St.3d 1481; *State v. Trammell* (July 13, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 270493; *State v. Travis* (Apr. 5, 1990), Cuyahoga App. No. 56825, reopening disallowed (Nov. 2, 1994), Motion No. 251073, affirmed (1995), 72 Ohio St.3d 317. See, also, *State v. Torres*, Cuyahoga App. No. 86530, 2006-Ohio-3696, reopening disallowed, 2007-Ohio-9, Motion No, 390254; *State v. Gaston* (Feb. 7. 2002), Cuyahoga App. No. 79626, reopening

disallowed (Jan 17,2007), Motion No. 391555.

{¶ 8} The failure to establish "good cause" mandates that this court deny the application for reopening. *State v. White* (Jan. 31, 1991), Cuyahoga App. No. 57944, reopening disallowed (Oct. 19, 1994), Motion No. 249174; *State v. Allen* (Nov. 3, 1994), Cuyahoga App. No. 65806, reopening disallowed (July 8, 1996), Motion No. 267054. See, also, *State v. Moss* (May 13, 1993), Cuyahoga App. Nos. 62318 and 62322, reopening disallowed (Jan. 16, 1997), Motion No. 275838; *State v. McClain* (Aug. 3, 1995), Cuyahoga App. No. 67785, reopening disallowed (Apr. 15, 1997), Motion No. 276811; *State v. Russell* (May 9, 1996), Cuyahoga App. No. 69311, reopening disallowed (June 16, 1997), Motion No. 282351.

{¶ 9} Accordingly, Koreisl's application for reopening is denied.


MARY EILEEN KILBANE, PRESIDING JUDGE

LARRY A. JONES, J., and
EILEEN A. GALLAGHER, J., CONCUR