[Cite as *State v. Porter* , 2018-Ohio-2721.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103185**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ROBERT M. PORTER**

DEFENDANT-APPELLANT

—————

**JUDGMENT:**
APPLICATION DENIED

—————

Cuyahoga County Court of Common Pleas
Case No. CR-14-585728-A
Application for Reopening
Motion No. 517304

**RELEASE DATE:**   July 6, 2018

**FOR APPELLANT**

Robert M. Porter, pro se
Inmate No. 664610
Toledo Correctional Institution
2100 East Central Avenue
Toledo, Ohio 43608-0000


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Gregory J. Ochocki
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

ANITA LASTER MAYS, J.:

{¶1} Applicant, Robert M. Porter, seeks to reopen his appeal pursuant to App.R. 26(B). He claims that appellate counsel was ineffective for failing to raise certain assignments of error related to the withdrawal of guilty pleas entered in the underlying criminal case. This court denies the application.

## I. Background and Facts

{¶2} Porter was charged with crimes related to the aggravated robbery and murder of Curtis Marks. On the day of trial, Porter pled guilty to involuntary manslaughter and aggravated robbery. He was sentenced to a prison term of 20 years. He appealed his conviction and sentence, which were affirmed in a decision released on September 15, 2016. *State v. Porter*, 8th Dist. Cuyahoga No. 103185, 2016-Ohio-5832 ("*Porter I*").

{¶3} Porter also filed a postconviction relief petition in 2017 claiming that trial counsel was ineffective for not timely filing a motion to withdraw his plea. The trial court denied the petition as untimely, and Porter, pro se, appealed that judgment to this court. This court affirmed the denial. *State v. Porter,* 8th Dist. Cuyahoga No. 106032, 2018-Ohio-1200 ("*Porter II*").

{¶4} On May 4, 2018, Porter filed an application to reopen his 2016 appeal in *Porter I*, asking this court to review the following proposed assignment of error:

"Because the appellant sought to withdraw the guilty plea within days of entering the plea (thus there could be no prejudice to the state), and because he asserted his innocence as cause, the trial court abused its discretion in failing to grant the motion to withdraw the plea."

## II. Law and Analysis

**A. Untimely Application for Reopening — Good Cause**

{¶5} Pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), Porter untimely filed an application to reopen his 2016 appeal — *Porter I*. App.R. 26(B)(1) and (B)(2)(b) impose a strict 90-day deadline for the filing of an application for reopening. *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861. An application submitted beyond that deadline requires a showing of good cause for tardiness. App.R. 26(B)(2)(b); *State v. Koreisl*, 8th Dist. Cuyahoga No. 90950, 2011-Ohio-6438.

{¶6} Porter claims that he has established good cause for the untimely filing. He claims that he did not have access to a transcript of the proceedings, and therefore, did not know that the transcript contained references to a pretrial motion to withdraw his pleas. This court has held numerous times that lack of access to a transcript does not constitute good cause for an untimely application to reopen. *State v. Rudd*, 8th Dist. Cuyahoga No. 102754, 2018-Ohio-1383, _ 3 (collecting cases). The failure to establish good cause means this court must deny the application for reopening. *Koreisl* at _ 8.

{¶7} Application denied.

_____

ANITA LASTER MAYS, JUDGE

MARY EILEEN KILBANE, P.J., and
MARY J. BOYLE, J., CONCUR