[Cite as *State v. Phillips*, 2011-Ohio-6431.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96576**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DAVID PHILLIPS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-538733 and CR-540544

**BEFORE:**   Celebrezze, P.J., Jones, J., and Cooney, J.

**RELEASED AND JOURNALIZED:**   December 15, 2011

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
940 Leader Building
526 Superior Avenue
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY: Jesse W. Canonico
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


FRANK D. CELEBREZZE, JR., P.J.:

{¶ 1}  Appellant, David Phillips, appeals his sentence, arguing that the trial court erred by imposing a term of incarceration that was contrary to law.  After careful review of the record and relevant case law, we affirm appellant's sentence.

{¶ 2}  On June 30, 2010, appellant was indicted in Case No. CR-538733 and charged with two counts of drug trafficking, with a forfeiture specification, in violation of R.C. 2925.03(A)(2) (Counts 1 and 3); four counts of drug possession, in violation of R.C. 2925.11 (Counts 2, 4, 5, and 6); and possession of criminal tools, in violation of R.C. 2923.24 (Count 7).

{¶ 3}  On August 9, 2010, appellant was indicted in Case No. CR-540544 and charged with four counts of illegal use of a minor in nudity oriented material or

performance, with a forfeiture specification, in violation of R.C. 2907.322(A)(1) (Counts 1, 2, 3, and 4); two counts of child endangering, in violation of R.C. 2919.22(B)(5) (Counts 5 and 6); tampering with evidence, in violation of R.C. 2921.12(A)(1) (Count 7); and possessing criminal tools, in violation of R.C. 2923.24 (Count 8).

{¶ 4} On February 3, 2011, appellant pled guilty on all charges as indicted in CR-538733 and CR-540544.

{¶ 5} Appellant's sentencing hearing was held on March 8, 2011. In CR-538733, the trial court found that Counts 1 and 2 were allied offenses of similar import. The trial court also found that Counts 3 and 4 were allied offenses. For the purposes of sentencing, the trial court found that Counts 5, 6, and 7 were separate offenses. At the sentencing hearing, the state chose to proceed on Counts 1 and 3.

{¶ 6} In CR-538733, on Count 1, the trial court sentenced appellant to seven years. On Count 3, the court sentenced appellant to five years, to run consecutively to Count 1. On Count 5, a misdemeanor, the trial court sentenced appellant to time served. On Counts 6 and 7, the trial court sentenced appellant to one year each, to run concurrently to Counts 1 and 3.

{¶ 7} In CR-540544, the trial court found that Counts 2, 3, and 4 were allied offenses of similar import and therefore merged the counts for the purpose of sentencing.

{¶ 8} The trial court sentenced appellant to six years on Count 1; merged Counts 2, 3, and 4, and sentenced appellant to six years on the amended Count 2, to run consecutively to Count 1. On Counts 5 and 6, the trial court sentenced appellant to four

years, to run concurrently to Counts 1 and 2. On Count 7, the trial court sentenced appellant to one year, to run concurrently to Counts 1 and 2. On Count 8, the trial court sentenced appellant to six months, to run concurrently to Counts 1 and 2.

{¶ 9} The court ordered that the sentence issued in CR-538733 run concurrently with the sentence issue in CR-540544, for an aggregate sentence of 12 years. The court also imposed a five-year mandatory period of postrelease control.

{¶ 10} Appellant appeals from this order of sentencing, raising one assignment of error for review.

## Law and Analysis

{¶ 11} In his sole assigned error, appellant argues that his 12-year sentence is contrary to law. We disagree.

{¶ 12} We review felony sentences using the framework announced in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. In its plurality opinion, the *Kalish* court declared that in applying *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, to the existing statutes, appellate courts "must apply a two-step approach." *Kalish* at ¶4.

{¶ 13} Appellate courts must first "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Id. at ¶26. See, also, R.C. 2953.08(G). If this first prong is satisfied, then we review the trial court's decision under an abuse of discretion standard. Id. at ¶4, 19.

{¶ 14} In the first step of our analysis, we review whether appellant's sentence is contrary to law, as required by R.C. 2953.08(G). As the *Kalish* court noted, post-*Foster* "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive, or more than the minimum sentence." Id. at ¶11, quoting *Foster* at paragraph seven of the syllabus; *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus.

{¶ 15} The *Kalish* court held that, although *Foster* eliminated mandatory judicial fact-finding, it left R.C. 2929.11 and 2929.12 intact. *Kalish* at ¶13. Therefore, the trial court must still consider those statutes when imposing a sentence. Id., citing *Mathis* at ¶38.

{¶ 16} R.C. 2929.11(A) provides: "[A] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing [:] * * * to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

{¶ 17} R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶ 18} R.C. 2929.11 and 2929.12 are not fact-finding statutes. Instead, they "serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence." *Kalish* at ¶17. Thus, "[i]n considering these statutes in light of *Foster*, the trial court has full discretion to determine whether the sentence satisfies the overriding purposes of Ohio's sentencing structure." Id.

{¶ 19} In the instant case, appellant concedes that his sentence falls within the statutory range for each charge. Further, the record reflects that the trial court properly considered the applicable sentencing statutes when imposing appellant's sentence.[1] The trial court stated in its judgment entry that appellant's prison term is consistent with the principles and purposes of sentencing set forth in R.C. 2929.11 and that it had considered all required factors of the law. Additionally, the transcript of the sentencing hearing clearly shows that the trial court weighed the factors outlined in R.C. 2929.12. The record reflects that the trial court considered the seriousness of appellant's convictions, his extensive criminal history, his pattern of drug and alcohol abuse, his remorse for the offenses, the likelihood of appellant committing future crimes, and the magnitude of the

---

[1] Appellant does not argue that the court failed to consider R.C. 2929.11 and 2929.12 when imposing his sentence; nor does he argue how his 12-year sentence is disproportionate to the volume of criminal activity he committed. Instead, he merely argues that his sentence was unreasonable and cites the Second District opinion, *State v. Parker*, 193 Ohio App.3d 506, 2011-Ohio-1418, 952 N.E.2d 1159, a case that is factually distinguishable from the instant matter. Appellant's brief fails entirely to demonstrate how his sentence violated Ohio's sentencing statutes.

victim's psychological harm. Therefore, we have no basis for concluding that appellant's sentence is contrary to law.

{¶ 20} We next consider whether the trial court abused its discretion. *Kalish* at ¶4, 19. An "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶ 21} We find nothing in the record to suggest that the trial court's decision was unreasonable, arbitrary, or unconscionable. A review of the record indicates that the trial court expressly stated that it had considered all factors of the law and found that prison was consistent with the purposes and principles of R.C. 2929.11.

{¶ 22} Accordingly, we overrule appellant's sole assignment of error.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

LARRY A. JONES, J., and
COLLEEN CONWAY COONEY, J., CONCUR