[Cite as *State v. Phillips*, 2012-Ohio-2055.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 96576

---

# STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

# DAVID PHILLIPS

### DEFENDANT-APPELLANT

---

## JUDGMENT:
## APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case Nos. CR-538733 and CR-540544
Application for Reopening
Motion No. 453843

**RELEASE DATE:** May 7, 2012

**FOR APPELLANT**

David T. Phillips, pro se
Inmate No. 600-843
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio 44901


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
By:     Matthew E. Meyer
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

**{¶1}** David Phillips has filed an application for reopening pursuant to App.R. 26(B). Phillips seeks to reopen the appellate judgment rendered in *State v. Phillips*, 8th Dist. No. 96576, 2011-Ohio-6431, which affirmed his conviction and sentence for four counts of illegal use of a minor in nudity oriented material or performance, two counts of child endangering, tampering with evidence, possessing criminal tools, two counts of drug trafficking, four counts of drug possession, and possession of criminal tools. We decline to reopen his appeal.

**{¶2}** App.R. 26(B)(2)(b) requires that Phillips establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment" that is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has firmly established that:

> We now reject [the applicant's] claim that those excuses gave him good cause to miss the 90-day deadline in App.R. 26(B). The rule was amended to include the 90-day deadline more than seven months before [the applicant's] appeal of right was decided by the court of appeals in February 1994, so the rule was firmly established then, just as it is today. *Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.*
>
> *Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct 1148, 71 L.Ed 2d 265, *and that is what Ohio has done by creating a 90-day deadline for the filing of applications*

*to reopen.* [The applicant] could have retained new attorneys after the court of appeals issued its decision in 1994, or he could have filed the application on his own. What he could not do was ignore the rule's filing deadline. * * * *The 90-day requirement in the rule is "applicable to all appellants," State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722*, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.* (Emphasis added.) *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, at ¶7. *See also State v. LaMar,* 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970*; State v. Cooey*, 73 Ohio St.3d 411, 653 N.E.2d 252 (1995); *State v. Reddick*, 72 Ohio St.3d 88, 647 N.E.2d 784 (1995).

**{¶3}** Phillips is attempting to reopen the appellate judgment journalized on December 15, 2011. The application for reopening was not filed until April 3, 2012, more than 90 days after journalization of the appellate judgment in *Phillips*. Phillips has failed to establish "good cause" for the untimely filing of his application for reopening. Restricted access to a law library and indigency do not establish "good cause" for the untimely filing of his application for reopening. *State v. Quiles*, 8th Dist. No. 84293, 2006-Ohio-7324. *See also State v. Klein*, 8th Dist. No. 58389, 1991 WL 41746 (Mar. 28, 1991), reopening disallowed (Mar. 15, 1994), Motion No. 249260, *aff'd*, 69 Ohio St.3d 1481, 634 N.E.2d 1027 (1994); *State v. Trammell*, 8th Dist. No. 67834, 1995 WL 415171 (July 13, 1995), reopening disallowed (Apr. 22, 1996), Motion No. 270493; *State v. Travis* 8th Dist. No. 56825, 1990 WL 40573 (Apr. 5, 1990), reopening disallowed (Nov. 2, 1994), Motion No. 251073, *aff'd*, 72 Ohio St.3d 317, 649 N.E.2d 1226 (1995). *See also State v. Gaston,* 8th Dist. No. 79626, 2007 WL 117505 (Jan. 1, 2007), reopening disallowed (Jan. 17, 2007), Motion No. 391555; *State v. Torres*, 8th Dist. No. 86530, 2006-Ohio-3696, reopening disallowed (Jan. 3, 2007), Motion No. 390254.

**{¶4}** Accordingly, the application for reopening is denied.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

LARRY A. JONES, SR., J., and
COLLEEN CONWAY COONEY, J., CONCUR