**[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 152.]**

THE STATE OF OHIO, APPELLEE, *v*. TUCKER, APPELLANT.

[Cite as *State v. Tucker*, 1995-Ohio-2.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant fails to establish good cause for failing to file within ninety days after journalization of the court of appeals' decision affirming the conviction, as required by App.R. 26(B).*

(No. 95-466—Submitted April 18, 1995—Decided August 16, 1995.)

APPEAL from the Court of Appeals for Lorain County, No. 89CA004533.

———————————

{¶ 1} According to the court of appeals' opinion, appellant, Homer Tucker, is currently incarcerated at the Lorain Correctional Institution, apparently following a felony conviction. The court of appeals affirmed the judgment of conviction on August 1, 1990.  Apparently, in late 1994, he filed an application to reopen his direct appeal pursuant to App. R. 26(B), which the court of appeals denied on December 12, 1994, for failure to show good cause for late filing. Appellant now appeals to this court.

———————————

*Gregory A. White,* Lorain County Prosecuting Attorney, and *Lisa A. Locke Graves*, Assistant Prosecuting Attorney, for appellee.

*Homer Tucker,* pro se.

———————————

***Per Curiam.***

{¶ 2} We affirm the judgment of the court of appeals for the following reasons.  App. R. 26(B) provides that applications to reopen in the court of appeals must be filed within ninety days of journalization of the appellate judgment sought to be reopened unless good cause for the delay is shown. Appellant contends that

his application was delayed because the prison library did not have a new volume of Rules of Appellate Procedure immediately after App. R. 26 took effect. He also argues that he was ineffective acting as his own counsel pro se, on direct appeal.

{¶ 3} In State v. Reddick (1995), 72 Ohio St.3d 88, 90, 647 N.E.2d 784, 786, we indicated that procedures to reopen appeals existed before July 1, 1993, the effective date of App. R. 26(B). Accordingly, we do not find good cause because a volume of appellate rules was not immediately available in the prison law library.

{¶ 4} The judgment of the court of appeals is affirmed based on State v. Reddick, supra.

*Judgment affirmed.*

Moyer, C.J., Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.

Pfeifer, J., dissents.

Cook, J., not participating.

———————————

**PFEIFER, J., dissenting.**

{¶ 5} The complexities of the law and the burdens of incarceration present enough barriers to the inmate trying to act as his own counsel without adding the further difficulty of an inadequate law library.

{¶ 6} In this case, there was a lengthy delay in providing the Rules of Appellate Procedure to Tucker's prison law library. Without that new volume, there is no good reason to believe that Tucker should have known the proper appellate procedure.

{¶ 7} It has already been established that the state must provide a law library in every correctional facility. It follows that the library should be properly and timely maintained.

———————————