[Cite as *State v. Barnes*, 2011-Ohio-1916.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.    94025

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RICHARD BARNES

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case No. CR-524053
Application for Reopening
Motion No. 443518

**RELEASE DATE:**     April 20, 2011


**FOR APPELLANT**

Richard Barnes, pro se
Inmate No. 572-962
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, Ohio   43950


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
By:   Jennifer A. Driscoll
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113


MARY J. BOYLE, J.:

{¶ 1}   On April 7, 2011, the applicant, Richard Barnes, pursuant to App.R. 26(B) and

*State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, applied to reopen this court's

judgment in *State of Ohio v. Richard Barnes*, Cuyahoga App. No. 94025, 2010-Ohio-4674, in

which this court affirmed Barnes's convictions and sentences for two counts of sexual battery

and one count of theft.[1]   Barnes asserts his appellate counsel was ineffective for not assigning as error the consecutive sentences; the sufficiency of the evidence, including the credibility and competency of the victim and the lack of expert witnesses; and the strategy of having him plead guilty instead of taking the case to trial.   For the following reasons, this court denies the application.

{¶ 2}   App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision unless the applicant shows good cause for filing at a later time.   The April 7, 2011 application was filed approximately six months after this court's decision.   Thus, it is untimely on its face.

{¶ 3}   Barnes argues that his lack of knowledge and resources provides good cause. This is unpersuasive.   The courts have consistently ruled that lack of knowledge or ignorance of the law does not provide sufficient cause for untimely filing.   *State v. Klein* (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 249260, affirmed (1994), 69 Ohio St.3d 1481; *State v. Trammell* (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 270493; *State v. Cummings* (Oct. 17, 1996), Cuyahoga App. No. 69966, reopening disallowed (Mar. 26, 1998), Motion No.

---

[1] Barnes pleaded guilty to those charges, and the trial judge sentenced him to a total of seven years, three years each on the sexual battery charges and one year on the theft charge, all to run consecutively.

292134; and *State v. Young* (Oct. 13, 1994), Cuyahoga App. Nos. 66768 and 66769, reopening disallowed (Dec. 5, 1995), Motion No. 266164. Ignorance of the law is no excuse.

{¶ 4} Similarly, lack of the transcript, legal advice, or library resources do not state good cause. In *State v. Towns* (Oct. 23, 1997), Cuyahoga App. No. 71244, reopening disallowed (May 4, 2000), Motion No. 306308, the applicant endeavored to show good cause for untimely filing by arguing that his counsel was uncooperative and refused to send him any documents concerning the case. This court rejected that argument, ruling that "being a layman and experiencing delays in obtaining records related to one's conviction are not sufficient bases for establishing good cause for untimely filing of an application for reopening." (Slip Opinion at 3.) See, also, *State v. Bussey* (Dec. 2, 1999), Cuyahoga App. No. 75301, reopening disallowed (Aug. 8, 2000), Motion No. 316647; *City of Newburgh Heights v. Chauncey* (Aug. 26, 1999), Cuyahoga App. No. 75465, reopening disallowed (Oct. 20, 2000), Motion No. 317839; *State v. Blackmon* (July 18, 1985), Cuyahoga App. No. 48787, reopening disallowed (Oct. 25, 2000), Motion No. 318768; *State v. Sanchez* (June 9, 1994), Cuyahoga App. No. 62796, reopening disallowed (Aug. 16, 2001), Motion No. 323717; *State v. Chandler* (Mar. 5, 1992), Cuyahoga App. No. 59764, reopening disallowed (Aug. 13, 2001), Motion No. 324366 — counsel's delays in sending applicant the transcript and refused access to parts of the transcript did not state good cause. The courts have also repeatedly rejected

the claim that limited access to legal materials states good cause for untimely filing. Prison riots, lockdowns and other library limitations have been rejected as constituting good cause. *State v. Tucker*, 73 Ohio St.3d 152, 1995-Ohio-2, 652 N.E.2d 720; *State v. Kaszas* (Sept. 21, 1998), Cuyahoga App. Nos. 72547 and 72547, reopening disallowed (Aug. 14, 2000), Motion No. 316752; *State v. Hickman* (Apr. 30, 1998), Cuyahoga App. No. 72341, reopening disallowed (Dec. 13, 2000), Motion No. 320830; and *State v. Turner* (Nov. 16, 1989), Cuyahoga App. No. 55960, reopening disallowed (Aug. 20, 2001), Motion No. 323221.

**{¶ 5}** Furthermore, the Supreme Court of Ohio in *State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, held that the ninety-day deadline for filing must be strictly enforced. In those cases the applicants argued that after the court of appeals decided their cases, their appellate counsels continued to represent them, and their appellate counsels could not be expected to raise their own incompetence. Although the Supreme Court agreed with this latter principle, it rejected the argument that continued representation provided good cause. In both cases the court ruled that the applicants could not ignore the ninety-day deadline, even if it meant retaining new counsel or filing the applications themselves. The court then reaffirmed the principle that lack of effort, imagination and ignorance of the law do not establish good cause for complying with this fundamental aspect of the rule. Thus, Barnes's excuses of lack of resources and knowledge do not state good cause.

**{¶ 6}** Application to reopen denied.

_____

MARY J. BOYLE, JUDGE

PATRICIA ANN BLACKMON, P.J., and
KENNETH A. ROCCO, J., CONCUR