[Cite as *State v. Carter*, 2011-Ohio-6256.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 94967**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL CARTER

DEFENDANT-APPELLANT

---

## JUDGMENT:
## APPLICATION DENIED

---

Cuyahoga County Common Pleas Court
Case No. CR-528720
Application for Reopening

Motion No. 448561

RELEASE DATE:    December 2, 2011

**FOR APPELLANT**

Michael Carter
Inmate No. 582-874
Mansfield Correctional Inst.
P. O. Box 788
Mansfield, OH    44901

**ATTORNEY FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, J.:

{¶ 1}  In *State v. Carter*, Cuyahoga County Court of Common Pleas Case No. CR-528720, the trial court found applicant, Michael Carter, guilty of gross sexual imposition and unlawful sexual conduct with a minor.   This court affirmed that judgment in *State v. Carter*, Cuyahoga App. No. 94967, 2011-Ohio-2658.

{¶ 2}  Carter has filed with the clerk of this court an application for reopening.   He asserts that he was denied the effective assistance of appellate counsel because his appellate counsel did not assign as error that trial counsel was ineffective; the state introduced evidence of his

prior convictions and juvenile court proceedings; and there was insufficient evidence and the judgment was contrary to the manifest weight of the evidence. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.

{¶ 3} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed *** within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."

{¶ 4} This court's decision affirming applicant's conviction was journalized on June 2, 2011. The application was filed on October 14, 2011, clearly in excess of the ninety-day limit.

{¶ 5} Carter avers that he has good cause for the untimely filing of his application for reopening because the prison librarian was on vacation and then ill from August 14, 2011 through September 9, 2011, as well as another seven days through September 25, 2011. Additionally, when the librarian was available, the librarian was not able to print documents for inmates' legal research.

{¶ 6} That is, Carter contends that his limited access to library

resources establishes good cause for his untimely filing of the application for reopening. "[T]he courts have rejected the claim that limited access to legal materials states good cause for untimely filing. Prison riots, lockdowns, and other library limitations have been rejected as constituting good cause. *State v. Tucker*, 73 Ohio St.3d 152, 1995-Ohio-2; *State v. Kaszas* (Sept. 21, 1998), Cuyahoga App. Nos. 72547 and 72547, reopening disallowed (Aug. 14, 2000), Motion No. 316752; *State v. Hickman* (Apr. 30, 1998), Cuyahoga App. No. 72341, reopening disallowed (Dec. 13, 2000), Motion No. 320830 and *State v. Turner* (Nov. 16, 1989), Cuyahoga App. No. 55960, reopening disallowed (Aug. 20, 2001), Motion No. 323221." *State v. Wynn*, Cuyahoga App. No. 94967, 2010-Ohio-5469, ¶3.

{¶ 7} The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App.R. 26(B)(1). See, e.g., *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861; *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970. Carter's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. See, also, *State v. Collier* (June 11, 1987), Cuyahoga App. No. 51993, reopening disallowed 2005-Ohio-5797, Motion No. 370333; *State v.*

*Garcia* (July 8, 1999), Cuyahoga App. No. 74427, reopening disallowed 2005-Ohio-5796, Motion No. 370916.

**{¶ 8}** As a consequence, Carter has not met the standard for reopening. Accordingly, the application for reopening is denied.

————

SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KENNETH A. ROCCO, J., CONCUR