[Cite as *State v. Walker*, 2012-Ohio-604.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95974**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DARREN WALKER

DEFENDANT-APPELLANT

**JUDGMENT:**
**APPLICATION DENIED**

Cuyahoga County Common Pleas Court
Case No. CR-536762
Application for Reopening
Motion No. 450223

**RELEASE DATE:** February 15, 2012

**FOR APPELLANT**

Darren Walker
Inmate No. 592-744
Mansfield Correctional Inst.
1150 N. Main Street
Mansfield, OH 44901

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Mark J. Mahoney
Daniel T. Van
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

MARY J. BOYLE, J.:

{¶1} On December 9, 2011, the applicant, Darren Walker, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. Walker*, 8th Dist. No. 95974, 2011-Ohio-4239, 2011 WL 3806017, in which this court affirmed Walker's convictions for two counts of rape, two counts of kidnapping, and gross sexual imposition. Walker maintains that his appellate counsel was ineffective for failing to raise various arguments. For the following reasons, this court denies the application to reopen.

{¶2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. The December 2011 application was filed 106 days after this court's decision on August 25, 2011. Thus, it is untimely on its face. In an effort to establish good cause, Walker argues that he did not have his transcripts and that he had trouble with the prison library in doing research.

{¶3} However, these do not establish good cause for untimely filing an application to reopen. This court has repeatedly held that difficulty in obtaining the transcript does not constitute good cause. In *State v. Towns* , 8th Dist. No. 71244, 1997 WL 661883 (Oct. 23, 1997), reopening disallowed 2000 WL 574470 (May 4, 2000), the applicant endeavored to show good cause for untimely filing by arguing that his counsel was uncooperative and refused to send him any documents concerning the case. This court rejected that argument, ruling that "being a layman and experiencing delays in obtaining records related to one's conviction are not sufficient bases for establishing good cause for untimely filing of an application for reopening." (Slip Op. at 3.) *State v. Bussey*, 8th Dist. No. 75301, 1999 WL 1087494 (Dec. 2, 1999), reopening disallowed 2000 WL 1146811 (Aug. 8, 2000); *City of Newburgh Heights v. Chauncey*, 8th Dist. No. 75465, 1999 WL 608801 (Aug. 12, 1999), reopening disallowed 2000 WL 33126876 (Oct. 20, 2000); *State v. Blackmon*, 8th Dist. No. 48787, 1985 WL 8563 (July 18, 1985), reopening disallowed 2000 WL 1901274 (Oct. 25, 2000); *State v. Sanchez*, 8th Dist. No. 62796, 1994 WL 258669 (June 9, 1994), reopening disallowed 2001 WL 931654 (Aug. 16, 2001); *State v. Chandler*, 8th Dist. No. 59764, 1992 WL 41856 (Mar. 5, 1992), reopening disallowed, 2001 WL 931661 (Aug. 13, 2001) — counsel's delays in sending applicant the transcript and refused access to parts of the transcript did not state good cause.

{¶4} Furthermore, the courts have also repeatedly rejected the claim that limited access to legal materials states good cause for untimely filing. Prison riots, lockdowns, and other library limitations have been rejected as constituting good cause. *State v. Tucker*, 73 Ohio St.3d 152, 1995-Ohio-2, 652 N.E.2d 720; *State v. Kaszas*, 8th Dist. Nos. 72546 and 72547, 1998 WL 598530 (Sept. 10, 1998), reopening disallowed, 2000 WL 1195676 (Aug. 14, 2000); *State v. Hickman*, 8th Dist. No. 72341, 1998 WL 213166 (Apr. 30, 1998), reopening disallowed, 2000 WL 1901272 (Dec. 13, 2000), and *State v. Turner*, 8th Dist. No. 55960, 1989 WL 139488 (Nov. 16, 1989), reopening disallowed, 2001 WL 1001014 (Aug. 20, 2001). Untimeliness alone is sufficient to dismiss the application.

{¶5} Moreover, Walker did not support his application with a "sworn statement of the basis for the claim that appellate counsel's representation was deficient" as required by App.R. 26(B)(2)(d).

Accordingly, this court denies the application.


MARY J. BOYLE, JUDGE

MELODY J. STEWART, P.J., AND
FRANK D. CELEBREZZE, JR., J., CONCUR