[Cite as *State v. Onunwor*, 2013-Ohio-4184.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

_____

### JOURNAL ENTRY AND OPINION
### No. 93937

_____

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CLIFTON ONUNWOR

DEFENDANT-APPELLANT

**JUDGMENT:**
APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-517054
Application for Reopening
Motion No. 467933

**RELEASE DATE:**   September 24, 2013

**APPELLANT**

Clifton Onunwor, pro se
Inmate No. 572-374
Lebanon Correctional Institution
P.O. Box 56
Lebanon, Ohio 45036

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Lisa M. Stickan
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY EILEEN KILBANE, J.:

{¶1} Cliffton Onunwor has filed an application for reopening pursuant to App.R. 26(B). Onunwor is attempting to reopen the appellate judgment rendered in *State v. Onunwor*, 8th Dist. Cuyahoga No. 93937, 2010-Ohio-5587, which affirmed his conviction for the offenses of aggravated murder and tampering with evidence. We decline to reopen Onunwor's appeal.

{¶2} App.R. 26(B)(2)(b) requires that Onunwor establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment," which is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline as provided by App.R. 26(B)(2)(b), has established that:

> We now reject [the applicant's] claims that those excuses gave good cause to miss the 90-day deadline in App.R. 26(B).* * * Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
>
> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. * * * The 90-day requirement in the rule is applicable to all appellants, *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule. (Emphasis added.) *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, at ¶ 7. See also *State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey*, 73

Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; *State v. Reddick*, 72 Ohio St.3d 88, 1995-Ohio-248, 647 N.E.2d 784

{¶3} Herein, Onunwor is attempting to reopen the appellate judgment that was journalized on November 18, 2010. The application for reopening was not filed until August 18, 2013, more than 90 days after journalization of the appellate judgment in *Onunwor*, *supra*. Onunwor argues that "good cause" for his untimely filing is established by his limited access to the prison law library. The courts, however, have repeatedly rejected the claim that limited access to a law library and legal materials states good cause for untimely filing. Prison riots, lockdowns, and other library limitations have also been rejected as constituting good cause. *State v. Tucker*, 73 Ohio St.3d 152, 1995-Ohio-2, 652 N.E.2d 720; *State v. Kaszas*, 8th Dist. Cuyahoga Nos. 72546 and 72547, 1998 Ohio App. LEXIS 4227 (Sept. 10, 1998), *reopening disallowed*, 2000 Ohio App. LEXIS 3755 (Aug. 14, 2000); *State v. Hickman*, 8th Dist. Cuyahoga No. 72341, Ohio App. LEXIS 1893 (Apr. 30, 1998), *reopening disallowed*, 2000 Ohio App. LEXIS 6079 (Dec. 13, 2000), and *State v. Turner*, 8th Dist. Cuyahoga No. 55960 (Nov. 16, 1989), *reopening disallowed*, 2001 Ohio App. LEXIS 3774 (Aug. 20, 2001).

{¶4} Onunwor has failed to establish "a showing of good cause" for the untimely filing of his application for reopening. *State v. Klein*, 8th Dist. Cuyahoga No. 58389, Ohio App. LEXIS 1346 (Apr. 8, 1991), *reopening disallowed* (Mar. 15, 1994), Motion No. 49260, *aff'd*, 69 Ohio St.3d 1481, 634 N.E.2d 1027 (1994); *State v. Trammell*, 8th Dist. Cuyahoga No. 67834, 1995 Ohio App. LEXIS 2962 (July 24, 1995), *reopening disallowed* (Apr. 22, 1996), Motion No. 70493; *State v. Travis*, 8th Dist.

Cuyahoga No. 56825, 1990 Ohio App. LEXIS 1356 (Apr. 5, 1990), *reopening disallowed* (Nov. 2, 1994), Motion No. 51073, *aff'd*, 72 Ohio St.3d 317, 1995-Ohio-152, 649 N.E.2d 1226. *See also State v. Gaston*, 8th Dist. Cuyahoga No. 79626, 2007-Ohio-155; *State v. Torres*, 8th Dist. Cuyahoga No. 86530, 2007-Ohio-9.

{¶5} Accordingly, the application for reopening is denied.

_____
MARY EILEEN KILBANE, JUDGE

SEAN C. GALLAGHER, P.J., and
KENNETH A. ROCCO, J., CONCUR