[Cite as *State v. Williams*, 2021-Ohio-4523.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,           :

                                    No. 108333

    v.                                      :

MARSHALL WILLIAMS,                      :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** December 20, 2021

---

Cuyahoga County Court of Common Pleas
Case No. CR-18-634683-A
Application for Reopening
Motion No. 550238

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary M. Frey, Assistant Prosecuting Attorney, *for appellee.*

Marshall Williams, *pro se.*

MARY EILEEN KILBANE, J.:

{¶ 1} On November 1, 2021, the applicant, Marshall Williams, pursuant to App.R. 26(B) and *State v. Murnahan,* 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Williams*, 8th Dist. Cuyahoga No.

108333, 2020-Ohio-3588, in which this court affirmed his guilty pleas, convictions, and sentences for drug trafficking and possession. He submits that his appellate counsel should have argued that Article I, Section 10 of the Ohio Constitution requires a trial court to inquire into the propriety of multiple representation in any case in which two or more defendants charged with crimes arising out of the same matter are represented by the same attorney. The state of Ohio filed its brief in opposition on December 1, 2021. For the following reasons, this court denies the application.

{¶ 2} In December 2018, the grand jury indicted Mr. Williams and his wife, Ms. Shawnte Williams ("Ms. Williams"), in an eight-count indictment. Mr. Williams faced two counts of drug trafficking, three counts of drug possession, and one count of possession of criminal tools. Ms. Williams faced the same count of possession of criminal tools and two counts of permitting drug abuse. The same attorney represented both of them.

{¶ 3} In January 2019, both Mr. Williams and Ms. Williams entered into a joint plea agreement. Mr. Williams pled guilty to one count of drug possession and an amended count of drug trafficking, in which the weight of the drugs was reduced from "exceeds one hundred grams" to 27-100 grams. This allowed for a potential reduction in sentence. The other counts against Mr. Williams were nolled. The judge sentenced him to nine years in prison. Ms. Williams pled guilty to possession of criminal tools, and the state nolled the other two counts. The judge sentenced her to five years of probation.

{¶ 4} Mr. Williams's appellate counsel argued the following: (1) The sentence was vindictive and not supported by the evidence; (2) The trial court erred when it did not determine whether Mr. Williams understood the nature of the offenses, the effects of the plea, and the waiver of certain constitutional rights; (3) Trial counsel was ineffective for failing to file an indigency affidavit to waive a mandatory fine and for continuing to represent codefendants despite a clear conflict; and (4) The trial court erred in failing to inquire about the dual representation, thus denying him due process and his right to counsel under the United States Constitution Amendments V, VI, and XIV, and Article I , Section 10 of the Ohio Constitution.

{¶ 5} After this court affirmed, the Supreme Court of Ohio accepted the case to determine whether a trial court has an affirmative duty to inquire into the possible conflict of interest created by an attorney's dual or multiple representation of codefendants in a criminal case. The court concluded that although making an inquiry would be the better practice, absent some factor that would alert the court about a possible conflict of interest, the trial court has no affirmative duty to make the inquiry. This court further notes that Justice Brunner based her dissent on Article I, Section 10 of the Ohio Constitution. *State v. Williams,* Slip Opinion No. 2021-Ohio-3152.

{¶ 6} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. The

November 1, 2021 application was filed approximately 16 months after this court's July 2, 2020 decision. Thus, it is untimely on its face.

{¶ 7} In an effort to show good cause, Mr. Williams argues that his appellate counsel failed to send him a copy of this court's decision and that the COVID pandemic caused him to have inadequate access to the prison's library and legal resources. However, these do not establish good cause for untimely filing an application to reopen. In *State v. Lamar*, 8th Dist. Cuyahoga No. 49551, 1985 Ohio App. LEXIS 7284 (Oct. 15, 1985) *reopening disallowed* (Nov. 15, 1995), Motion No. 263398, this court held that lack of communication with appellate counsel did not show good cause. Similarly, in *State v. White*, 8th Dist. Cuyahoga No. 57944, 1991 Ohio App. LEXIS 357 (Jan. 31, 1991), *reopening disallowed* (Oct. 19, 1994), Motion No. 249174 and *State v. Allen*, 8th Dist. Cuyahoga No. 65806, 1994 Ohio App. LEXIS 4956 (Nov. 3, 1994), *reopening disallowed* (July 8, 1996), Motion No. 267054, this court rejected reliance on counsel as showing good cause. Specifically, in *State v. Mitchell,* 8th Dist. Cuyahoga No. 88977, 2007-Ohio-6190, *reopening disallowed*, 2009-Ohio-1874, this court rejected the argument that counsel's failure to timely inform the applicant of the outcome of his appeal was good cause.

{¶ 8} Furthermore, the courts have repeatedly rejected the claim that limited access to legal materials states good cause for untimely filing. Prison riots, lockdowns, and other library limitations have been rejected as constituting good cause. *State v. Tucker*, 73 Ohio St.3d 152, 1995-Ohio-2, 652 N.E.2d 720; and *State*

*v. Kaszas*, 8th Dist. Cuyahoga Nos. 72547 and 72547, 1998 WL 598530 (Sept. 10, 1998), *reopening disallowed*, 2000 WL 1195676 (Aug. 14, 2000).

{¶ 9} The Supreme Court of Ohio in *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, held that the 90-day deadline for filing must be strictly enforced. In those cases, the applicants argued that after the court of appeals decided their cases, their appellate lawyers continued to represent them, and their appellate lawyers could not be expected to raise their own incompetence. Although the Supreme Court agreed with this latter principle, it rejected the argument that continued representation provided good cause. In both cases, the court ruled that the applicants could not ignore the 90-day deadline, even if it meant retaining new counsel or filing the applications themselves. The court then reaffirmed the principle that lack of effort, lack of imagination, and ignorance of the law do not establish good cause for failure to seek timely relief under App.R. 26(B). Thus, Mr. Williams's misplaced reliance on his appellate counsel and his lack of library access do not state good cause.

{¶ 10} Accordingly, this court denies the application to reopen.

_____

MARY EILEEN KILBANE, JUDGE

EILEEN T. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR