[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 317.]

THE STATE OF OHIO, APPELLEE, v. TRAVIS, APPELLANT.

[Cite as *State v. Travis*, 1995-Ohio-152.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant fails to show good cause for failing to file his application within ninety days after journalization of the appellate judgment—App.R. 26(B)(2)(b).*

(No. 94-2694—Submitted March 21, 1995—Decided June 14, 1995.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 56825.

_____

{¶ 1} According to the court of appeals' opinion, appellant, Bernard W. Travis, was convicted of kidnapping, rape, gross sexual imposition, felonious assault, and attempted rape. The convictions were affirmed on appeal by judgment entry of April 16, 1990. *State v. Travis* (Apr. 16, 1990), Cuyahoga App. No. 56825, unreported. On April 20, 1994, appellant sought to reopen his appeal under App. R. 26(B), alleging ineffective assistance of appellate counsel for failure to raise various issues. The court of appeals denied the application, finding that appellant had failed to establish good cause for not filing the application to reopen within ninety days from the journalization of the appellate judgment, as required by App. R. 26(B)(2)(b), and also holding that the issues on the merits did not set forth colorable claims of ineffective assistance of appellate counsel.

{¶ 2} Appellant appeals the denial to this court.

_____

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *L. Christopher Frey*, Assistant Prosecuting Attorney, for appellee.

*Bernard W. Travis, pro se.*

———————————

***Per Curiam.***

**{¶ 3}** The judgment of the court of appeals is affirmed for the reasons stated in its opinion.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————