THE STATE OF OHIO, APPELLEE, *v.* LAMAR, APPELLANT.

[Cite as *State v. LaMar,* 102 Ohio St.3d 467, 2004-Ohio-3976.]

(No. 2004–0504—Submitted July 20, 2004—Decided August 11, 2004.)

---

Per Curiam.

{¶ 1} Appellant, Keith LaMar, challenges the denial of his application to reopen his direct appeal under App.R. 26(B).

{¶ 2} LaMar was tried and convicted in 1995 in Lawrence County for murdering five of his fellow inmates during the 1993 Lucasville prison riot. LaMar was sentenced to death for four of the five murders. The court of appeals affirmed his convictions and the death sentences in 1998. *State v. LaMar* (Aug. 13, 1998), Lawrence App. No. 95CA31, 1998 WL 514548. We then affirmed the appellate

court's judgment. *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166.

{¶ 3} On November 19, 2003, LaMar filed an application to reopen his appeal in the court of appeals under App.R. 26(B), alleging that he did not receive the effective assistance of appellate counsel in the court of appeals. That court denied the application in February 2004, citing LaMar's failure to comply with the 90–day filing deadline in App.R. 26(B). The court of appeals also found that LaMar had not shown "good cause" for his failure to file his application within the time limit set by the rule.

{¶ 4} LaMar has now filed a timely appeal.

{¶ 5} We affirm the judgment of the court of appeals. LaMar did not comply with App.R. 26(B), which states that "[a]n application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." LaMar waited five years before filing his application.

{¶ 6} He argues that he had good cause for missing the 90–day deadline set by the rule. The attorneys who represented him in the initial appeal before the court of appeals continued to represent him in this court for many months after the court of appeals ruled against him in November 1998, and those attorneys could not be expected to challenge their own effectiveness at any time, he argues, let alone within 90 days of the appellate court's ruling. And LaMar himself did not have the legal experience or financial resources to file the application for reopening on his own, his current attorney says.

{¶ 7} We now reject those arguments, just as did the court of appeals earlier this year. The rule and its 90–day deadline were firmly established and regularly followed in Ohio's courts by the time LaMar's appeal as of right was decided by the court of appeals in August 1998, and the same remains true today. Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90–day deadline for the filing of applications to reopen. LaMar could have retained new attorneys after the court of appeals issued its decision, or he could have filed the application on his own. What he could not do was ignore the rule's filing deadline.

{¶ 8} To be sure, as LaMar contends, "counsel cannot be expected to argue their own ineffectiveness." *State v. Davis* (1999), 86 Ohio St.3d 212, 214, 714 N.E.2d 384. Other attorneys—or LaMar himself—could have pursued the application, however. Nothing prevented them or him from doing so, and in fact other attorneys did pursue postconviction relief on LaMar's behalf under R.C. 2953.21 in 1997 and 1998. Those attorneys could have filed a timely application

under App.R. 26(B) for LaMar in 1998. In any event, ample opportunities existed well before November 2003 for LaMar himself or his attorneys to file an application for reopening. As we have said, "[g]ood cause can excuse the lack of a filing only while it exists, not for an indefinite period." *State v. Fox* (1998), 83 Ohio St.3d 514, 516, 700 N.E.2d 1253. The excuse that LaMar and his attorneys were occupied with other appeals or that they simply neglected to pay attention to the rule is not "good cause" for missing the filing deadline.

{¶ 9} And LaMar himself cannot rely on his own alleged lack of legal training to excuse his failure to comply with the deadline. "Lack of effort or imagination, and ignorance of the law * * * do not automatically establish good cause for failure to seek timely relief" under App.R. 26(B). *State v. Reddick* (1995), 72 Ohio St.3d 88, 91, 647 N.E.2d 784. The 90-day requirement in the rule is "applicable to all appellants," *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and LaMar offers no sound reason why he—unlike so many other Ohio criminal defendants—could not comply with that fundamental aspect of the rule.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

PFEIFER, J., concurs in judgment only.

---

Mark E. Piepmeier, Special Prosecuting Attorney, and William E. Breyer, Assistant Special Prosecuting Attorney, for appellee.

Kathleen McGarry, for appellant.