JOURNAL ENTRY AND OPINION
{¶ 1} Tanisha Jenkins has filed an application for reopening pursuant to App.R. 26(B). Jenkins is attempting to reopen the appellate judgment that was rendered in State v. Jenkins (Feb. 10, 2000), Cuyahoga App. No. 75343. We decline to reopen Jenkins' appeal.
 {¶ 2} As required by App.R. 26(B)(2)(b), Jenkins must establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment," which is subject to reopening. The Ohio Supreme Court, with regard to the 90-day deadline as provided by App.R. 26(B)(2)(b), has recently established that:
We now reject Gumm's claim that those excuses gave him good cause to miss the 90-day deadline in App.R. 26(B). The rule was amended to include the 90-day deadline more than seven months before Gumm's appeal of right was decided by the court of appeals in February 1994, so the rule was firmly established then, just as it is today. Consistent enforcement of the rule's deadline bythe appellate courts in Ohio protects on the one hand the state'slegitimate interest in the finality of its judgments and ensureson the other hand that any claims of ineffective assistance ofappellate counsel are promptly examined and resolved.
 Ohio and other states "may erect reasonable proceduralrequirements for triggering the right to an adjudication,"Logan v. Zimmerman Brush Co. (1982), 455 U.S. 422, 437,102 S.Ct 1148, 71 L.Ed 2d 265, and that is what Ohio has done bycreating a 90-day deadline for the filing of applications toreopen. Gumm could have retained new attorneys after the court of appeals issued its decision in 1994, or he could have filed the application on his own. What he could not do was ignore the rule's filing deadline. * * * The 90-day requirement in the ruleis "applicable to all appellants," State v. Winstead (1996),74 Ohio St.3d 277, 278, 658 N.E.2d 722, and Gumm offers no soundreason why he — unlike so many other Ohio criminal defendants —could not comply with that fundamental aspect of the rule.
(Emphasis added.)
State v. Gumm, 103 Ohio St.3d 162, 2004-Ohio-4755,814 N.E.2d 861, at ¶ 7. See, also, State v. LaMar, 102 Ohio St.3d 467,2004-Ohio-3976, 812 N.E.2d 970; State v. Cooey,73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; State v. Reddick,72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784.
 {¶ 3} Herein, Jenkins is attempting to reopen the appellate judgment that was journalized on February 22, 2000. The application for reopening was not filed until May 15, 2006, more than 90 days after journalization of the appellate judgment inState v. Jenkins, supra. Jenkins has failed to make "a showing of good cause" for the untimely filing of her application for reopening, based upon the statement that "I received my paper work late." State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481; State v. Trammell (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317.
 {¶ 4} Accordingly, the application for reopening is denied.
Cooney, P.J., Concurs Kilbane, J., Concurs.