TXJOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} On March 30, 2007, Dwain Farrow, thru counsel, filed an application for reopening pursuant to App. R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court inState v. Farrow (Feb. 9, 1978), Cuyahoga App. No. 36833. In that opinion, we affirmed his convictions of aggravated robbery and aggravated murder. For the following reason, we decline to reopen Farrow's appeal:
 {¶ 2} App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 3} This court's decision affirming applicant's conviction was journalized on February 21, 1978. However, Farrow did not file his application for reopening until March 30, 2007, clearly in excess of the ninety-day limit.
 {¶ 4} The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App.R. 26(B)(1). See, e.g., State v. Gumm, 103 Ohio St.3d 162,2004-Ohio-4755, 814 N.E.2d 861; State v. LaMar, 102 Ohio St.3d 467,2004-Ohio-3976, 812 N.E.2d 970. We need not, *Page 4 
therefore, examine the merits of this application if Farrow failed to demonstrate good cause for failing to file a timely application.
 {¶ 5} While Farrow fails to explicitly state why his application was untimely, Farrow implies in his affidavit that he was unaware that appeals were made on his behalf to both this court and to the Supreme Court of Ohio. If this is his reason for the untimely application, we do not find that he has established good cause.
 {¶ 6} Farrow's failure to demonstrate good cause is a sufficient basis for denying his application for reopening. See State v.Quiles, Cuyahoga App. No. 84293, 2005-Ohio-388, reopening disallowed,___-Ohio-___, Motion No. 372157; State v. Collier (June 11, 1987), Cuyahoga App. No. 51993, reopening disallowed 2005-Ohio-5797, Motion No. 370333; State v. Garcia (July 8, 1999), Cuyahoga App. No. 74427, reopening disallowed 2005-Ohio-5796, Motion No. 370916. As a consequence, Farrow has not met the standard for reopening.
 {¶ 7} Accordingly, the application for reopening is denied.
 SEAN C. GALLAGHER, P.J., and ANTHONY O. CALABRESE, JR., CONCUR *Page 1