JOURNAL ENTRY AND OPINION
{¶ 1} On February 24, 2009, the applicant, Robert Melton, pursuant to App. R. 26(B), applied to reopen this court's judgment in City ofCleveland v. Robert Melton (June 18, 2008), Cuyahoga App. No. 91048, which dismissed Melton's appeal as moot.[1] Melton implies that his trial counsel failed to pursue an appeal and that the *Page 3 
trial court erred in not enforcing Melton's subpoenas for witnesses and in not appointing appellate counsel. For the following reasons, this court denies the application, sua sponte.
 {¶ 2} App. R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision unless the applicant shows good cause for filing at a later time. In the instant case Melton filed his application approximately eight months after this court journalized its dismissal. He makes no effort to show good cause. Accordingly, this application is properly denied as untimely. State v. Lamar,102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and State v. Gumm,103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861. Moreover, as this court ruled in June 2008, this matter is moot.
 {¶ 3} The application to reopen is denied.
CHRISTINE T. MCMONAGLE, P.J., and MARY J. BOYLE, J., CONCUR
[1] On January 15, 2008, in City of Cleveland v. Robert Melton, Cleveland Municipal Court Case Nos. 2007 CRB026066 and 2007 CRB026021, Melton was found guilty of theft and sentenced to 180 days and fined $1000. The court credited him with 141 days of jail time credit and suspended the fine because of indigency. The trial court also denied a motion to appoint appellate counsel and a motion to stay. Melton filed his notice of appeal on February 15, 2008. In April this court dismissed the appeal for failure to file a record. However, the court granted a motion for reconsideration and appointed Paul Mancino as appellate counsel. Appellee, the City of Cleveland, moved to dismiss on the grounds of mootness, because Melton had served his sentence and the fine was suspended. Melton opposed the motion and moved for reconsideration after this court dismissed for mootness. After this court denied the motion for reconsideration, Mancino sought review by the Supreme Court of Ohio, which denied the appeal as not involving any substantial constitutional question. (Memorandum in Support of Jurisdiction, Supreme Court of Ohio Case No. 2008-1306.)