[Cite as *State v. Brown*, 2011-Ohio-3577.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 95048

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## VERNON BROWN

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case No. CR-447563
Application for Reopening
Motion No. 445321

**RELEASE DATE:**    July 19, 2011

**FOR APPELLANT**

Vernon Brown, pro se
Trumbull Correctional Institution
Inmate No. A-482-002
Post Office Box 901
Leavittsburg, Ohio    44430


**ATTORNEY FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio    44113


MARY J. BOYLE, J.:

{¶ 1}  In *State v. Brown*, Cuyahoga County Court of Common Pleas Case No. CR-447563, applicant, Vernon Brown, was found guilty by a jury and convicted of   two counts of murder with firearm specifications; robbery with a firearm specification; carrying a concealed weapon; and having a weapon while under disability.   This court affirmed that judgment in *State v. Brown*, Cuyahoga App. No. 93007, 2010-Ohio-2460. The Supreme Court of Ohio denied Brown's motion for leave to appeal and dismissed the appeal as not involving any substantial constitutional question.   *State v. Brown*, 126 Ohio St.3d 1601, 2010-Ohio-4928, 935 N.E.2d 47.

{¶ 2}  On April 19, 2010, the trial court denied Brown's motion to waive or stay imposition of court costs.   Brown appealed, and this court affirmed.   *State v. Brown*,

Cuyahoga App. No. 95048, 2011-Ohio-1096. The Supreme Court of Ohio denied Brown's motion for leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *State v. Brown*, 128 Ohio St.3d 1559, 2011-Ohio-2905, 949 N.E.2d 45.

{¶ 3} Brown has filed with the clerk of this court an application for reopening of this court's judgment affirming the denial of his motion to waive or stay imposition of court costs. He asserts that he was denied the effective assistance of appellate counsel because his appellate counsel did not assign the trial court's imposition of court costs as error. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.

{¶ 4} Initially, we note that App.R. 26(B)(1) provides, in part: "A defendant in a criminal case may apply for reopening of the appeal from *the judgment of conviction and sentence*, based on a claim of ineffective assistance of appellate counsel." (Emphasis added.) Brown appealed his conviction and sentence in Case No. 93007. In Case No. 95048, which gives rise to this application for reopening, Brown appeals the denial of his motion to waive or stay imposition of court costs. App.R. 26(B) reopening "applies only to appeals from the judgment of conviction and sentence and not other collateral matters arising in a criminal case * * * ." *State v. Gaston*, Cuyahoga App. No. 92242, 2009-Ohio-3080, reopening disallowed, 2009-Ohio-4715, ¶3. Reopening is not, therefore, appropriate in this case.

{¶ 5} Additionally, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."

{¶ 6} This court's decision affirming the denial of his motion to waive or stay imposition of court costs was journalized on March 10, 2011. The application was filed on June 14, 2011. Brown contends that his application was timely and asserts that it was filed 89 days after journalization. He does not, however, provide this court with any argument or evidence that there is good cause for his application being filed more than 90 days after journalization. That is, the application was actually filed 96 days after journalization of this court's judgment in Case No. 95048.[1]

{¶ 7} The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed, and the applicant

[1]

| Days | Month |
|------|-------|
| 21 | March |
| 30 | April |
| 31 | May |
| 14 | June |
| 96 | TOTAL |

failed to show "good cause for filing at a later time." App.R. 26(B)(1). See, e.g., *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861; *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970. Applicant's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. See, also, *State v. Collier* (June 11, 1987), Cuyahoga App. No. 51993, reopening disallowed 2005-Ohio-5797, Motion No. 370333; *State v. Garcia* (July 8, 1999), Cuyahoga App. No. 74427, reopening disallowed 2005-Ohio-5796, Motion No. 370916.

{¶ 8} As a consequence, applicant has not met the standard for reopening. Accordingly, the application for reopening is denied.


_____
MARY J. BOYLE, JUDGE

MELODY J. STEWART, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR