[Cite as *State v. Porter*, 2011-Ohio-5819.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 94049**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CORVADE PORTER

DEFENDANT-APPELLANT

---

## JUDGMENT:
## APPLICATION DENIED

---

Cuyahoga County Common Pleas Court
Case No. CR-506633
Application for Reopening
Motion No. 447023

**RELEASE DATE:** November 4, 2011

**FOR APPELLANT**

Corvade Porter, pro se
Inmate No. 550-372
Marion Correctional Institution
P.O. Box 57
Marion, Ohio 43301


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Katherine Mullin
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


COLLEEN CONWAY COONEY, J.:

**{¶ 1}** Corvade Porter has filed an application for reopening pursuant to App.R. 26(B). Porter is attempting to reopen the appellate judgment in *State v. Porter*, Cuyahoga App. No. 94049, 2010-Ohio-4491, which affirmed his conviction and sentence for the offenses of felonious assault and having weapons while under disability. We decline to reopen Porter's appeal.

**{¶ 2}** App.R. 26(B)(2)(b) requires that Porter establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the

appellate judgment," which is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has firmly established that:

> "We now reject [the applicant's] claim that those excuses gave him good cause to miss the 90-day deadline in App.R. 26(B). The rule was amended to include the 90-day deadline more than seven months before [the applicant's] appeal of right was decided by the court of appeals in February 1994, so the rule was firmly established then, just as it is today. **Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.**
>
> **"Ohio and other states 'may erect reasonable procedural requirements for triggering the right to an adjudication,' *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct 1148, 71 L.Ed2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen.** [The applicant] could have retained new attorneys after the court of appeals issued its decision in 1994, or he could have filed the application on his own. What he could not do was ignore the rule's filing deadline.
>
> "* * *
>
> "* * * **The 90-day requirement in the rule is 'applicable to all appellants,' *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.**"

(Emphasis added.) *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶7, 8, 10. See, also, *State v. LaMar,* 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970*; State v. Cooey*, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; *State v. Reddick*, 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784.

{¶ 3}  Herein, Porter is attempting to reopen the appellate judgment that was journalized on September 23, 2010.  The application for reopening was not filed until August 19, 2011, more than 90 days after journalization of the appellate judgment in *Porter*.  Porter has failed to establish "a showing of good cause" for the untimely filing of his application for reopening.  *State v. Klein* (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481, 63 N.E.2d 1027; *State v. Trammell* (July 24, 1995), Cuyahoga App. No. 67834,  reopening disallowed (Apr. 22, 1996), Motion No. 70493; *State v. Travis* (Apr. 5, 1990), Cuyahoga App. No. 56825,  reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed,72 Ohio St.3d 317, 1995-Ohio-152, 649 N.E.2d 1226.  See, also, *State v. Gaston* (Jan. 1, 2007), Cuyahoga App. No. 79626; *State v. Torres*, Cuyahoga App. No. 86530, 2007-Ohio-9.

{¶ 4}  Accordingly, the application for reopening is denied.

_____
COLLEEN CONWAY COONEY, JUDGE

PATRICIA ANN BLACKMON, P.J., and
MELODY J. STEWART, J., CONCUR