[Cite as *State v. Jordan*, 2013-Ohio-162.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 91413**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MOORIS JORDAN

DEFENDANT-APPELLANT

**JUDGMENT:**
APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case No. CR-497993
Application for Reopening
Motion No. 461134

**RELEASE DATE:**   January 18, 2013

**FOR APPELLANT**

Mooris C. Jordan, Pro Se
Inmate No. 544823
Lorain Correctional Institution
2075 S. Avon Belden Road
Grafton, OH    44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Katherine Mullin
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

{¶1} On December 20, 2012, the applicant, Mooris Jordan, pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Jordan*, 8th Dist. No. 91413, 2009-Ohio-4037, in which this court affirmed Jordan's conviction for rape, but remanded to correct the sentencing entry concerning postrelease control.[1]   Jordan now contends that his appellate counsel was ineffective because he did not argue the following:   (1) the sentence was an improper, disproportionate, unconstitutional sentence violating due process and was cruel and unusual punishment; (2) trial counsel was ineffective for failing to object to the improper sentence; and (3) trial counsel was ineffective for not arguing for a lesser included offense.   Additionally, appellate counsel was ineffective because he prevented Jordan from assisting in his own appeal.   For the following reasons, this court denies the application to reopen.

{¶2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time.   The December

---

[1] The jury found Jordan guilty of rape of a minor under the age of ten years old by compelling the victim to submit by force or threat of force.   Pursuant to R.C. 2907.02(B), the trial judge sentenced Jordan to life imprisonment without parole.

20, 2012 application was filed approximately three years and four months after this court's decision. Thus, it is untimely on its face.

{¶3} In an effort to show good cause, Jordan argues that he is indigent and cannot hire an attorney, that he has limited education and a limited understanding of the law, and that his appellate counsel refused to send him a copy of the transcripts, thus depriving him of his ability to form an argument. He also relies upon *State v. Chu*, 8th Dist. Nos. 75583 and 75689, 2002-Ohio-4422, in which this court indicated that an application to reopen may be granted if there was a genuine issue as to the effectiveness of appellate counsel, even if the applicant did not proffer a cause for untimely filing. However, these arguments do not establish good cause.

{¶4} This court has repeatedly held that difficulty in obtaining the transcript does not constitute good cause. In *State v. Towns*, 8th Dist. No. 71244, 1997 Ohio App. LEXIS 4709 (Oct. 23, 1997), *reopening disallowed,* 2000 Ohio App. LEXIS 2030 (May 4, 2000), the applicant endeavored to show good cause for untimely filing by arguing that his counsel was uncooperative and refused to send him any documents concerning the case. This court rejected that argument, ruling that "being a layman and experiencing delays in obtaining records related to one's conviction are not sufficient bases for establishing good cause for untimely filing of an application for reopening." *Id.* at 3. *State v. Bussey*, 8th Dist. No. 75301, 1999 Ohio App. LEXIS 5707 (Dec. 2, 1999), *reopening disallowed,* 2000 Ohio App. LEXIS 3614 (Aug. 8, 2000); *Newburgh Hts. v. Chauncey*, 8th Dist. No. 75465, 1999 Ohio App. LEXIS 3732 (Aug. 12, 1999), *reopening*

*disallowed,* 2000 Ohio App. LEXIS 6261 (Oct. 20, 2000); *State v. Chandler*, 8th Dist. No. 59764, 1992 Ohio App. LEXIS 975 (Mar. 5, 1992), *reopening disallowed*, 2001 Ohio App. LEXIS 3624 (Aug. 13, 2001) — counsel's delays in sending applicant the transcript and refused access to parts of the transcript did not state good cause.

{¶5} Moreover, the Supreme Court of Ohio in *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, held that the 90-day deadline for filing must be strictly enforced. In those cases, the applicants argued that after the court of appeals decided their cases, their appellate lawyers continued to represent them, and their appellate lawyers could not be expected to raise their own incompetence. Although the Supreme Court agreed with this latter principle, it rejected the argument that continued representation provided good cause. In both cases, the court ruled that the applicants could not ignore the 90-day deadline, even if it meant retaining new counsel or filing the applications themselves. The court then reaffirmed the principle that lack of legal training, effort, and imagination and ignorance of the law does not establish good cause for failure to seek timely relief under App.R. 26(B). Thus, Jordan's reliance on the earlier decision of *Chu* is misplaced.

{¶6} Accordingly, this court denies the application to reopen.

_____

MELODY J. STEWART, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
TIM McCORMACK, J., CONCUR