[Cite as *State v. Anderson*, 2013-Ohio-1335.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 92576**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LATANGIA ANDERSON

DEFENDANT-APPELLANT

### JUDGMENT:
APPLICATION DENIED

Application for Reopening
Motion No. 463329
Cuyahoga County Court of Common Pleas
Case No. CR-510427

**RELEASE DATE:**     April 2, 2013

**FOR APPELLANT**

LaTangia Anderson, pro se
Inmate No. WO73786
Ohio Reformatory For Women
1479 Collins Avenue
Marysville, Ohio    43040

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:      Katherine Mullin
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio    44113

EILEEN A. GALLAGHER, J.:

**{¶1}** On March 18, 2013, the applicant, LaTangia Anderson, pursuant to App.R. 26(B) and *State v. Murnahan,* 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Anderson*, 8th Dist. No. 92576, 2010-Ohio-2085, that affirmed Anderson's conviction for murder, but remanded to the trial court to correct the sentencing entry by deleting references to postrelease control.[1] Anderson now argues that her appellate counsel was ineffective for not arguing that the trial court erred when it entered judgment on a guilty plea without establishing that there was a factual basis for the plea. For the following reasons, this court denies the application, sua sponte.

**{¶2}** App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. The March 2013 application was filed approximately three years after this court's decision. Thus, it is untimely on its face. Anderson makes no proffer of good cause. The Supreme Court of Ohio in *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970,

---

[1] Anderson pleaded guilty to murder, and the court sentenced her to 15 years to life and also imposed five years of postrelease control. Appellate counsel argued that the guilty plea was not knowingly, intelligently and voluntarily given; that the trial court erred in denying her motion to withdraw the guilty plea; and that the trial court erred in using an electronic signature.

and *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, held that the 90-day deadline for filing must be strictly enforced.

{¶3} Accordingly, with no proffered reason for good cause, this court denies the application to reopen.

_____

EILEEN A. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
TIM McCORMACK, J., CONCUR