[Cite as *State v. Fulton*, 2013-Ohio-2087.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96156**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROMEO FULTON

DEFENDANT-APPELLANT

**JUDGMENT:**
APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-537192
Application for Reopening
Motion No. 464815

**RELEASE DATE:** May 20, 2013

**APPELLANT**

Romeo Fulton
Inmate No. 594-228
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio 44901

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Marc D. Bullard
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY J. BOYLE, P.J.:

{¶1} On May 9, 2013, the applicant, pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Fulton*, 8th Dist. No. 96156, 2011-Ohio-4259, in which this court affirmed Fulton's convictions and sentences on multiple counts of aggravated robbery, robbery, and kidnapping with three-year firearm specifications. *Id.* at ¶ 23. Fulton received an aggregate prison sentence of six years. *Id*. at ¶ 24.

{¶2} Fulton maintains that his appellate counsel was ineffective for not arguing additional sentencing issues, including challenges to the proportionality and consistency of the sentence he received with reference to R.C. 2929.11(B). For the following reasons, this court denies the application to reopen.

{¶3} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. In the present case, this court journalized its decision on August 25, 2011, and Fulton filed his application on May 9, 2013, well beyond the 90-day limitation. Thus, it is untimely on its face.

{¶4} Fulton does not argue or identify any basis for good cause that would allow this court to consider his untimely application for reopening.

{¶5} The Supreme Court of Ohio in *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and *State v. Gumm*, 103 Ohio St.3d 162,

2004-Ohio-4755, 814 N.E.2d 861, held that the 90-day deadline for filing must be strictly enforced. In those cases, the applicants argued that after the court of appeals decided their cases, their appellate counsel continued to represent them, and their appellate counsel could not be expected to raise their own incompetence. Although the Supreme Court agreed with this latter principle, it rejected the argument that continued representation provided good cause. In both cases, the court ruled that the applicants could not ignore the 90-day deadline, even if it meant retaining new counsel or filing the applications themselves. The court then reaffirmed the principle that lack of effort, imagination, and ignorance of the law do not establish good cause for failure to seek timely relief under App.R. 26(B). Moreover, this court has denied applications to reopen even if they are filed only two days late. *State v. Gray*, 8th Dist. No. 90981, 2009-Ohio-4360.

{¶6} Accordingly, this court denies the application to reopen.

_____

MARY J. BOYLE, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
EILEEN A. GALLAGHER, J., CONCUR