[Cite as *State v. Gonzalez*, 2013-Ohio-3359.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96102**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs

# EDGAR GONZALEZ

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-504595
Application for Reopening
Motion No. 465891

**RELEASED DATE:**   July 30, 2013

-i-

**ATTORNEYS FOR APPELLANT**

Brian R. McGraw
The Standard Building
1370 Ontario Street
Suite 200
Cleveland, Ohio 44113

Harvey B. Bruner
Harvey B. Bruner Co., L.PA.
The Hoyt Block Building
700 W. St. Clair Avenue, #110
Cleveland, Ohio 44113

Edgar Gonzalez
Inmate No. 593-445
Mansfield Correctional Inst.
P. O. Box 788
Mansfield, Ohio 44901


**ATTORNEYS FOR APPELLEE**

Timothy McGinty
Cuyahoga County Prosecutor

By: Kevin R. Filiatraut
James M. Price
Brian R. Radigan
Assistant County Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Edgar Gonzalez has filed an application for reopening pursuant to App.R. 26(B). Gonzalez is attempting to reopen the appellate judgment, as rendered in *State v. Gonzalez*, 8th Dist. No. 96102, 2011-Ohio-5253, which affirmed his conviction for the offenses of aggravated robbery and felonious assault. We decline to reopen Gonzalez's appeal.

{¶2} App.R. 26(B)(2)(b) requires that Gonzalez establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment," which is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline as provided by App.R. 26(B)(2)(b), has recently established that:

> We now reject [the applicant's] claims that those excuses gave good cause to miss the 90-day deadline in App.R. 26(B).* * * Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
>
> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90- day deadline for the filing of applications to reopen. * * * The 90-day requirement in the rule is applicable to all appellants, *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many

other Ohio criminal defendants — could not comply with that fundamental aspect of the rule. (Emphasis added.) *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, at ¶ 7. See also *State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey*, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; *State v. Reddick*, 72 Ohio St.3d 88, 1995-Ohio-248, 647 N.E.2d 784.

**{¶3}** *See also State v. LaMar,* 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970*; State v. Cooey*, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; *State v. Reddick*, 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784.

**{¶4}** Herein, Gonzalez is attempting to reopen the appellate judgment that was journalized on October 13, 2011. The application for reopening was not filed until June 18, 2013, more than 90 days after journalization of the appellate judgement in *State v. Gonzalez*, *supra*. Gonzalez has failed to establish "a showing of good cause" for the untimely filing of his application for reopening. *State v. Klein*, 8th Dist. No. 58389, Ohio App. LEXIS 1346 (Apr. 8, 1991), *reopening disallowed* (Mar. 15, 1994), Motion No. 49260, *aff'd*, 69 Ohio St.3d 1481, 634 N.E.2d 1027 (1994); *State v. Trammell*, 8th Dist. No. 67834, 1995 Ohio App. LEXIS 2962 (July 24, 1995), *reopening disallowed* (Apr. 22, 1996), Motion No. 70493; *State v. Travis*, 8th Dist. No. 56825, 1990 Ohio App. LEXIS 1356 (Apr. 5, 1990), *reopening disallowed* (Nov. 2, 1994), Motion No. 51073, *aff'd*, 72 Ohio St.3d 317, 1995-Ohio-152, 649 N.E.2d 1226. *See also State v. Gaston*, 8th Dist. No. 79626, 2007 Ohio-155; *State v. Torres*, 8th Dist. No. 86530, 2007-Ohio-9.

{¶5} Accordingly, the application for reopening is denied.

_____
PATRICIA ANN BLACKMON, JUDGE

EILEEN A. GALLAGHER, P.J., and
TIM McCORMACK, J., CONCUR