[Cite as *State v. Reid*, 2013-Ohio-4027.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 93222**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# COLIN E. REID

DEFENDANT-APPELLANT

## JUDGMENT:
### APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-518944
Application for Reopening
Motion No. 465983

**RELEASE DATE:** September 13, 2013

**ATTORNEY FOR APPELLANT**

Michael J. Goldberg
The Goldberg Law Firm
323 Lakeside Avenue
Suite 450
Cleveland, OH   44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:     Mary H. McGrath
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, OH    44113

EILEEN A. GALLAGHER, J.:

**{¶1}** Applicant, Colin E. Reid, pled guilty and was sentenced on convictions of attempted aggravated robbery, kidnapping, felonious assault, failure to comply, vandalism and driving while under the influence in Cuyahoga C.P. No. CR-518944. Reid, through counsel, pursued an appeal in *State v. Reid*, 8th Dist. Cuyahoga No. 93222. However, the appeal was voluntarily dismissed on December 18, 2009. This court never issued or journalized any decision on Reid's appeal. On June 20, 2013, Reid filed a delayed application to reopen the appeal pursuant to App.R. 26(B), which provides, in part, as follows:

> A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

**{¶2}** Since this court did not issue or journalize an appellate judgment that decided an appeal from Reid's judgment of conviction and sentence, App.R. 26(B) does not apply. We are prevented from considering the application to reopen. *State v. Bennett*, 8th Dist. Cuyahoga No. 90815, 2009-Ohio-343, ¶ 2, citing, *State v. Skaggs*, 8th Dist. Cuyahoga No. 76301, 1999 Ohio App. LEXIS 4680 (May 12, 1999), *reopening disallowed* (Sept. 21, 1999), Motion No. 7505 (other citations omitted).

**{¶3}** Even if App.R. 26(B) did apply, we still could not consider Reid's untimely application because it does not set forth good cause for the delay. The application was not filed until June 20, 2013 — three and one-half years after the voluntary dismissal of Reid's appeal. Reid maintains he received ineffective assistance of counsel at all stages of the proceedings that should excuse him from the 90-day time limit set forth in App.R. 26(B). Reliance on counsel, or continued representation by counsel, does not establish good cause for failure to comply with the 90-day time limit. *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, ¶ 7-9; *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861.

**{¶4}** Accordingly, this court denies the application to reopen.

---

EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN T. GALLAGHER, J., CONCUR