[Cite as State v. Freeman, 2014-Ohio-5268.]

 Court of Appeals of Ohio
 EIGHTH APPELLATE DISTRICT
 COUNTY OF CUYAHOGA

 JOURNAL ENTRY AND OPINION
 No. 92809

 STATE OF OHIO

 PLAINTIFF-APPELLEE

 vs.

 CHARLES FREEMAN

 DEFENDANT-APPELLANT

 JUDGMENT:
 APPLICATION DENIED

 Cuyahoga County Court of Common Pleas
 Case Nos. CR-08-508859 and CR-08-518221
 Application for Reopening
 Motion No. 477955

 RELEASE DATE: November 21, 2014
 -i-
FOR APPELLANT

Charles E. Freeman, pro se
#561-884, Lorain Correctional Institution
2075 South Avon-Belden Road
Grafton, Ohio 44044

ATTORNEYS FOR APPELLEE

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Anna M. Faraglia
Katherine Mullin
Assistant County Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113
PATRICIA ANN BLACKMON, J.:

 {¶1} Under App.R. 26(B) applicant Charles Freeman filed an application to reopen the

appellate judgment rendered in State v. Freeman, 8th Dist. Cuyahoga No. 92809,

2010-Ohio-3714. His application is untimely, and in order to overcome an untimely application,

the applicant must show good cause. Applicant has not established good cause; therefore, the

application must be denied.

 {¶2} The appellate judgment was journalized on August 12, 2010. The application for

reopening was not filed until August 26, 2014. This falls well outside the time limits of App.R.

26(B)(1), which requires applications to be filed within 90 days after journalization of the

appellate judgment. The only exception that would permit us to review an untimely application is

if applicant establishes good cause for filing at a later time. Id.

 {¶3} The Supreme Court of Ohio, with regard to the 90-day deadline provided by

App.R. 26(B)(2)(b), has firmly established that

 Ohio and other states “may erect reasonable procedural requirements for triggering
 the right to an adjudication,” Logan v. Zimmerman Brush Co. (1982), 455 U.S.
 422, 437, 102 S.Ct 1148, 71 L.Ed.2d 265, and that is what Ohio has done by
 creating a 90-day deadline for the filing of applications to reopen. [The applicant]
 could have retained new attorneys after the court of appeals issued its decision in
 1994, or he could have filed the application on his own. What he could not do was
 ignore the rule’s filing deadline. * * * The 90-day requirement in the rule is
 “applicable to all appellants,” State v. Winstead (1996), 74 Ohio St.3d 277, 278,
 1996-Ohio-52, 658 N.E.2d 722, and [the applicant] offers no sound reason why
 he — unlike so many other Ohio criminal defendants — could not comply with
 that fundamental aspect of the rule.

State v. LaMar, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, ¶ 7-9. “Consistent

enforcement of the rule’s deadline by the appellate courts in Ohio protects on the one hand the

state’s legitimate interest in the finality of its judgments and ensures on the other hand that any
claims of ineffective assistance of appellate counsel are promptly examined and resolved.” State v.

Gumm, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7. Applicant does not address

the issue of his untimely application and he does not argue that any good cause exists for the late

filing. Therefore, the untimely application for reopening must be denied. State v. Garcia, 8th

Dist. Cuyahoa No. 74427, 2005-Ohio-5796, ¶ 3.

 {¶4} Accordingly, this court denies the application to reopen.

PATRICIA ANN BLACKMON, JUDGE

SEAN C. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR