[Cite as *State v. Rogers*, 2015-Ohio-3472.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

## JOURNAL ENTRY AND OPINION
## No. 100248

# STATE OF OHIO

## PLAINTIFF-APPELLEE

vs.

# ALFRED ROGERS

## DEFENDANT-APPELLANT

---

## JUDGMENT:
## APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-08-518986
Application for Reopening
Motion No. 486377

**RELEASE DATE:**   August 25, 2015

**FOR APPELLANT**

Alfred Rogers, pro se
Inmate No. 574184
Southern Ohio Correctional Institution
P.O. Box 45699
Louisville, Ohio   45699


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:   Anthony Thomas Miranda
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

LARRY A. JONES, SR., P.J.:

{¶1} Alfred Rogers has filed an application for reopening pursuant to App.R. 26(B). Rogers is attempting to reopen the appellate judgment rendered by this court in *State v. Rogers,* 8th Dist. Cuyahoga No. 100248 (Aug. 13, 2013). For the following reasons, Rogers's application for reopening is not well taken.

{¶2} Initially, we find that App.R. 26(B) is not applicable to the facts pertinent to the appeal in App. No. 100248. No appellate judgment, which reviewed Rogers's plea of guilty to the offense of involuntary manslaughter, has been announced and journalized by this court. This court denied Rogers's motion for a delayed appeal and dismissed the appeal on September 3, 2013. Thus, we are prevented from considering Rogers's application for reopening. *State v. Skaggs*, 8th Dist. Cuyahoga No. 76301, 1999 Ohio App. LEXIS 4680 (Sept. 21, 1999). *See also State v. Loomer*, 76 Ohio St.3d 398, 667 N.E.2d 1209 (1996); *State v. Halliwell*, 8th Dist. Cuyahoga No. 70369, 1999 Ohio App. LEXIS 285 (Jan. 28, 1999); *State v. Fields*, 8th Dist. Cuyahoga No. 68906, 1997 Ohio App. LEXIS 4109 (Sept. 5, 1997); *State v. Williams*, 8th Dist. Cuyahoga No. 69936, 1996 Ohio App. LEXIS 4796 (Oct. 31, 1996).

{¶3} Finally, even if Rogers were permitted to file an application for reopening, App.R. 26(B)(2)(b) requires that Rogers establish a showing of good cause for untimely filing if the application for reopening is filed more than 90 days after journalization of the appellate judgment, which is subject to reopening. Herein, Rogers is attempting to

reopen the order of dismissal journalized on September 3, 2013. Rogers's application for reopening was not filed until June 9, 2015, more than 90 days after journalization of the order of dismissal in App. No. 100248. Rogers has failed to establish good cause for the untimely filing of his application for reopening. Thus, we would be required to deny his application for reopening. *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861; *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970.

{¶4} Application for reopening is denied.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
SEAN C. GALLAGHER, J., CONCUR