[Cite as *State v. McSwain*, 2018-Ohio-1827.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105451**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DORN McSWAIN

DEFENDANT-APPELLANT

---

**JUDGMENT:**
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-16-609563-A
Application for Reopening
Motion No. 514908

**RELEASE DATE:** May 7, 2018

**FOR APPELLANT**

Dorn McSwain, pro se
Inmate No. 692840
Noble Correctional Institution
15708 McConnelsville Road
Caldwell, Ohio   43724


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Katherine Mullin
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

PATRICIA ANN BLACKMON, J.:

{¶1} Dorn McSwain has filed an application for reopening pursuant to App.R. 26(B). McSwain is attempting to reopen the appellate judgment rendered in *State v. McSwain*, 8th Dist. Cuyahoga No. 105451, 2017-Ohio-8489, that affirmed his conviction and sentence for the offenses of rape, gross sexual imposition, and kidnaping, but remanded to correct the sentencing journal entry to reflect what transpired at the sentencing hearing regarding costs. We decline to reopen McSwain's appeal.

{¶2} App.R. 26(B)(2)(b) requires that McSwain establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment" that is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has established that:

> [W]e now reject [the applicant's] claims that those excuses gave good cause to miss the 90-day deadline in App.R. 26(B). * * * Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
>
> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. * * * *The 90-day requirement in the rule is "applicable to all appellants,"* *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.

(Emphasis added.) *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7. *See also State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey*, 73 Ohio St.3d 411, 653 N.E.2d 252 (1995); *State v. Reddick*, 72 Ohio St.3d 88, 647 N.E.2d 784 (1995).

{¶3} Herein, McSwain is attempting to reopen the appellate judgment that was journalized on November 9, 2017. The application for reopening was not filed until February 16, 2018, more than 90 days after journalization of the appellate judgment in *McSwain*, *supra*. McSwain has failed to argue any showing of good cause for the untimely filing of his application for reopening. *State v. McCrimon*, 8th Dist. Cuyahoga No. 87617, 2017-Ohio-5742; *State v. Battiste*, 8th Dist. Cuyahoga No. 102299, 2017-Ohio-8300; *State v. Hammond*, 8th Dist. Cuyahoga No. 100656, 2016-Ohio-8300.

{¶4} Accordingly, the application for reopening is denied.

_____
PATRICIA ANN BLACKMON, JUDGE

EILEEN A. GALLAGHER, A.J., and
ANITA LASTER MAYS, J., CONCUR