[Cite as *State v. Jackson*, 2019-Ohio-3755.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 103957 |
| v. | : | |
| DEMETRIUS A. JACKSON, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** September 18, 2019

---

Cuyahoga County Court of Common Pleas
Case No. CR-15-598188-A
Application for Reopening
Motion No. 531240

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee.*

Demetrius A. Jackson, *pro se.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1}    On August 19, 2019, the applicant, Demetrius Jackson, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. Jackson,* 8th Dist. Cuyahoga No. 103957, 2018-Ohio-3492, in which this court affirmed Jackson's

convictions for kidnapping, gross sexual imposition and two counts of rape. Jackson now argues that his appellate counsel was ineffective because (1) he did not argue ineffective assistance of trial counsel for his failure to object to the use of DNA evidence or not testing other DNA evidence, (2) he did not advise Jackson on the possibility of filing a postconviction relief petition and (3) he did not advise Jackson on the deadline for filing a postconviction relief petition. For the following reasons, this court, sua sponte, denies the application to reopen.

{¶ 2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. The August 2019 application was filed approximately one year after this court's decision. Thus, it is untimely on its face. Jackson proffers no cause for his untimely filing. The Supreme Court of Ohio in *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, held that the 90-day deadline for filing must be strictly enforced. Lack of effort, lack of imagination and ignorance of the law do not provide good cause for untimely filing under App.R. 26(B).

{¶ 3} Accordingly, this court denies the application to reopen as untimely.

---

EILEEN A. GALLAGHER, PRESIDING JUDGE

MARY J. BOYLE, J., and
SEAN C. GALLAGHER, J., CONCUR