[Cite as *State v. Clipps*, 2020-Ohio-2820.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 107747 |
| v. | : | |
| BRIAN CLIPPS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** May 4, 2020

Cuyahoga County Court of Common Pleas
Case Nos. CR-18-626183-A and CR-18-626256-A
Application for Reopening
Motion No. 537393

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee.*

Brian Clipps, *pro se.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1}  On March 25, 2020, the applicant, Brian Clipps, pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Clipps*, 8th Dist. Cuyahoga No. 107747,

2019-Ohio-3569, in which this court affirmed his convictions for felonious assault, kidnapping, aggravated robbery, and three counts of rape, but vacated the sentence for one count of rape and remanded for new sentencing and the proper imposition of postrelease control for the aggravated robbery count.[1] Clipps now asserts that his appellate counsel should have argued that the trial court erred in denying a motion to disqualify his trial counsel for failing to file a motion to dismiss the charges arising from the 2018 rape for insufficient evidence. On March 30, 2020, the state of Ohio filed its brief in opposition. For the following reasons, this court denies the application to reopen.

{¶ 2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. The March 25, 2020 application was filed 200 days after this court's September 5, 2019 decision. Thus, it is untimely on its face.

{¶ 3} In an effort to establish good cause, Clipps states that his appellate counsel had led him to believe that representation would continue all the way to federal court. Indeed, after this court's decision, the state of Ohio sought to appeal to the Supreme Court of Ohio on the grounds that this court erred in vacating

---

[1]The grand jury indicted Clipps for two different rapes, related charges, and specifications. One rape was in 1998, and the other in 2018. The trial court merged two of the rape counts and the kidnapping count from the 2018 incident and sentenced Clipps to 12 years to life for the 2018 rape consecutive to 12 years to life for the 1998 rape. This court vacated the sentence for the 1998 rape, because Clipps could not be sentenced to an indefinite sentence as a sexual predator for the 1998 rape.

Clipps's sentence for the 1998 rape. Clipps's appellate counsel opposed the state's appeal and filed a cross-appeal seeking review of a separate issue that the trial court erred in joining the 1998 and 2018 rapes for trial. On January 24, 2020, after the 90-day limitation period for an application had lapsed, Clipps's appellate counsel wrote to him that the Supreme Court of Ohio had accepted the state's proposition for review, but not the joinder issue. Appellate counsel also informed Clipps that while the public defender's office would continue to represent him on the state's issue, it would not pursue his case for further appeals. Appellate counsel then advised Clipps of filing a writ of certiorari to the Supreme Court of the United States.

{¶ 4} Generally, reliance on appellate counsel and lack of communication do not state good cause for filing an untimely application to reopen. In *State v. Lamar*, 8th Dist. Cuyahoga No. 49551, 1985 Ohio App. LEXIS 7284 (Oct. 15, 1985) *reopening disallowed* (Nov. 15, 1995), motion No. 263398, this court held that lack of communication with appellate counsel did not show good cause. Similarly, in *State v. White*, 8th Dist. Cuyahoga No. 57944, 1991 Ohio App. LEXIS 357 (Jan. 31, 1991), *reopening disallowed* (Oct. 19, 1994), motion No. 249174 and *State v. Allen*, 8th Dist. Cuyahoga No. 65806, 1994 Ohio App. LEXIS 4956 (Nov. 3, 1994), *reopening disallowed* (July 8, 1996), motion No. 267054, this court rejected reliance on counsel as showing good cause. In *State v. Rios*, 75 Ohio App.3d 288, 599 N.E.2d 374 (8th Dist.1991), *reopening disallowed* (Sept. 18, 1995), motion No. 266129, Rios maintained that the untimely filing of his application for reopening

was primarily caused by the ineffective assistance of appellate counsel; again, this court rejected that excuse.

{¶ 5} Moreover, the present case fully analogizes to *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861. In those cases, the Supreme Court of Ohio held that the 90-day deadline for filing must be strictly enforced. The applicants argued that after the court of appeals decided their cases, their appellate lawyers continued to represent them, and their appellate lawyers could not be expected to raise their own incompetence. Although the Supreme Court agreed with this latter principle, it rejected the argument that continued representation provided good cause. In both cases, the court ruled that the applicants could not ignore the 90-day deadline, even if it meant retaining new counsel or filing the applications themselves. The court then reaffirmed the principle that lack of effort, lack of imagination, and ignorance of the law do not establish good cause for failure to seek timely relief under App.R. 26(B). Thus, Clipps's misplaced reliance on his appellate counsel does not state good cause.

{¶ 6} Accordingly, this application is properly denied as untimely.

_____

FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
ANITA LASTER MAYS, J., CONCUR